**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**VS. 3:21-cr-00023-KGB-1**

**MARSHALL IRVIN WILLIAMS, JR.**

**ORDER**

Pending before the Court is Defendant Williams's motion for release pending a final hearing on the Government's motion to revoke his supervised release. *Doc. 50*. Chief United States District Judge Kristine G. Baker referred the motion to me for decision. *Doc. 51*. The United States has indicated that it opposes the motion and will file a response by tomorrow, August 4, 2026. I request that the Government's response address the status of Mr. Williams's state custody, which is far from clear, and its intent with regard to the still pending revocation petition.

## I. Background

On February 5, 2026, the Government filed a motion for a warrant and to revoke Mr. Williams's supervised release. *Doc. 38*. According to the violation memo, on July 23, 2025, Jonesboro police arrested Mr. Williams for selling methamphetamine near public parks and felony use of a communication device. *Id. at 1*. State court records show that related criminal charges are currently pending

against Mr. Williams. *Arkansas v. Williams*, No. 16JCR-26-202 (Craighead Cty. Cir. Ct.).

On February 11, 2026, Judge Baker granted the Government's motion for an arrest warrant. *Doc. 39*. The warrant return records that Mr. Williams was arrested on March 18, 2026 in Green County and contains the notation: "Rt to Detainer." *Doc. 44*.

On March 25, Mr. Williams appeared for his initial appearance and agreed to detention pending his final revocation hearing, without prejudice to his right to request a detention hearing at a later date. I remanded him to the custody of the United States Marshal, pending a final revocation hearing, which was then scheduled for April 22, 2026. *Doc. 47, 48*.

A text entry entered April 21 states that the April 22 final revocation hearing was cancelled at the Government's request and would be rescheduled by separate notice. *Doc. 49*. As of the date of this order, the final revocation hearing has not been rescheduled.[1]

On July 9, Mr. Williams filed the motion for release now before the Court. He states, and the state court record confirms, that on January 20, 2026, the judge

[1] It is arguably unfair to require Mr. Williams to languish in federal custody if the United States is not pursuing an expeditious resolution of its petition to revoke his federal supervised release, rendering Mr. Williams unable to resolve the state charges underlying the Government's petition. Fed. Rule. Crim. P. 32.1(b)(2)(requiring, unless waived, a hearing within a reasonable time).

presiding over Mr. Williams's state criminal case detained him and set a $750,000 cash-only bond. The state record also shows that Mr. Williams, through counsel, filed a motion to reduce his bond, which remains pending. In addition, on May 29, 2026, while Mr. Williams was in federal custody, the state court issued a failure-to-appear warrant for Mr. Williams's arrest, indicating that he had been released from state custody on a surety bond before his arrest on the federal warrant issued in this case.

## II. Discussion

Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure provides: "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Section 3143(a)(1), in turn, permits release if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1).

Mr. Williams argues that continuing to hold him in federal custody creates "unnecessary administrative overlap and impedes his ability to efficiently appear and resolve the state-level charges that form the entire basis of the federal petition for revocation." *Doc. 50 at 2*. He requests that the Court "release him on personal

recognizance under the minimum necessary conditions . . . and order him transferred to state custody to address the pending state court matters." *Id*.

Mr. Williams argues that the restrictive state bond in his case serves as an "absolute guarantee of continuous incarceration, [and] there is zero risk of flight or danger to the community." *Doc. 50 at 2*. However, based on the state court record, it is not clear that Mr. Williams will be returned to state custody if released pending a final hearing on the Government's motion to revoke his supervised release.

IT IS THEREFORE ORDERED that the United States is directed to file a response to Mr. Williams's motion for release that addresses, at a minimum, his custodial status and whether the United States is ready to move forward with a final revocation hearing. Mr. Williams may file a reply, but should notify the Court if he intends to do so.

Dated 3 August 2026.

UNITED STATES MAGISTRATE JUDGE